UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTI JACKSON,

      Plaintiff,

v.                                              Case No. 8:20-cv-1703-CEH-AAS

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Christi Jackson's counsel moves for an award of **$15,381.00** in attorney's fees under 42 U.S.C. § 406(b). (Doc. 40). The Commissioner does not oppose Ms. Jackson's counsel's request.[1] (*Id.* at p. 7).

Ms. Jackson applied for social security disability benefits, which was denied initially and on reconsideration. (Tr. 53–76)). Ms. Jackson then requested a hearing before an Administrative Law Judge (ALJ), who found Ms. Jackson not disabled. (Tr. 14–32). The Appeals Council denied Ms. Jackson's request for review of the ALJ's decision. (Tr. 1–6). Ms. Jackson then filed a

---

[1] When the Commissioner does not object to the amount of attorney's fees requested under 406(b), the court should award the requested fees. *See Terry v. Astrue*, 753 F. Supp. 2d 1229 (M.D. Fla. 2010) (awarding attorney's fees under Section 406(b) when the Commissioner failed to argue the requested fees were unreasonable).

1

complaint in this court. (Doc. 1). The court remanded the ALJ's decision for further consideration, and the Clerk entered judgment for Ms. Jackson. (Docs. 30, 31).

The Commissioner found Ms. Jackson disabled on remand. The Social Security Administration withheld $17,635.50 from Ms. Jackson's past-due benefits to pay her attorney's fees. (Doc. 40, Ex. 2). Mr. Jackson's counsel now requests $17,635.50 from that award under 42 U.S.C. § 406(b). (Doc. 40).

Under Section 406(b), when a court enters judgment favorable to a Social Security claimant represented by counsel, the court may award attorney's fees not to exceed twenty-five percent of the claimant's total past-due benefits. 42 U.S.C. § 406(b)(1)(A). Based on the fee agreement that Ms. Jackson agreed her counsel could request twenty-five percent of past-due benefits for attorney's fees, an award of attorney's fees of $17,635.50 is appropriate. (*See* Doc. 40, Ex. 1).

However, as demonstrated in the Consent Petition for Attorney's Fees under the Equal Access to Justice Act (EAJA), Ms. Jackson's counsel spent 18 hours on this action. (Doc. 32). Ms. Jackson received attorney's fees under the EAJA in the amount of $2,254.50 in this action. (Doc. 34). The amount withheld of $17,635.50 has been reduced by this EAJA payment received, reducing it to $15,381.00.

Thus, it is **RECOMMENDED** that the Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 40) be **GRANTED.** Ms. Jackson's counsel should be awarded **$15,381.00** in attorney's fees.

**ENTERED** in Tampa, Florida on November 6, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.