UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTI JACKSON,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No: 8:20-cv-1703-CEH-AAS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## ORDER

This matter comes before the Court on Plaintiff Christi Jackson's "Motion for Reconsideration/Rehearing Regarding this Court's Order of February 12, 2024." Doc. 43. As Plaintiff's counsel submits, Magistrate Judge Amanda Arnold Sansone entered a Report and Recommendation on his First Motion for Attorney Fees under 42 U.S.C. § 406(b) on July 28, 2023, recommending that his fee request in the amount of $25,834.00 be approved, but that plaintiff's counsel also be ordered to refund any award he received under the Equal Access to Justice Act (EAJA) so as not to give Plaintiff's counsel a double recovery. Doc. 38 at 2 (citing *Black v. Culbertson,* 470 F. App'x 737, 739 (11th Cir. 2012)).

Plaintiff objected to the R&R, arguing that his motion for fees already took into account the EAJA award ($2,254.50) and accordingly reduced the total sum. *See* Doc. 39. While the objection to the first request for fees was pending, Plaintiff's counsel filed a second—separate—unopposed motion for fees under § 406(b). Doc. 40. An R&R

recommending approval of the second motion was entered on November 6, 2023 (Doc. 41). The Court then entered an order on February 12, 2024, adopting the November 6, 2023, R&R, granting the second motion for fees and denying the first motion for fees as moot. Doc. 42 at 2.

Plaintiff argues that the first motion was separate and therefore should not have been denied as moot, and that the Court should instead now consider and sustain his objection. Doc. 43.

Having duly considered the arguments raised in this motion, as well as the previous R&Rs, motions, and Plaintiff's objection related to the first motion, the Court will grant the instant motion for reconsideration, vacate-in-part the Court's February 12, 2024 order, and—pursuant to the Magistrate Judge's July 28, 2023, R&R—award Plaintiff the fees he requested in his First Unopposed Motion, which will not be reduced based on the EAJA award.

## LEGAL STANDARD

Under the Federal Magistrates Act, Congress vests Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions. 28 U.S.C. § 636(b)(1)(A). The Act further vests magistrate judges with authority to submit proposed findings of fact and recommendations for disposition by an Article III judge. 28 U.S.C. § 636(b)(1)(B). After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th

Cir. 1982). If specific objections to findings of fact are timely filed, the district court will conduct a *de novo* review of those facts. 28 U.S.C. § 636(b); *LoConte v. Dugger,* 847 F.2d 745, 750 (11th Cir.1988). If no specific objections to findings of fact are filed, the district court is not required to conduct a *de novo* review of those findings. *See Garvey v. Vaughn,* 993 F.2d 776, 779 n.9 (11th Cir.1993); *see also* 28 U.S.C. § 636(b)(1). In that event, the district court is bound to defer to the factual determinations of the magistrate judge unless those findings are clearly erroneous. *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). Legal conclusions must be reviewed *de novo. Id.* Furthermore, objections to a magistrate judge's recommendation and report must be "specific" and "clear enough to permit the district court to effectively review the magistrate judge's ruling." *Knezevich v. Ptomey*, 761 F. App'x 904, 906 (11th Cir. 2019).

## DISCUSSION

To recap the attorney's fees issue at the heart of Plaintiff's Objection, the R&R on the first attorney's fees motion (Doc. 38) found that counsel's request for attorney's fees in the amount of $25,834.00 was appropriate under Section 406(b). Doc. 38 at 2; *see* Motion at Doc. 37-1. Noting that counsel had previously been awarded $2,254.50 in attorney's fees under the EAJA, the R&R correctly stated that "[w]hen an attorney receives attorney's fees under the EAJA and Section 406(b), the attorney must refund the smaller fee." Doc. 38 at 2. It thus found that counsel "must refund any attorney's fees awarded under the EAJA." *Id.* However, as Plaintiff's counsel argues, his first motion noted the receipt of $2,254.50 for fees under the EAJA and properly reduced his fees by this amount. Doc. 37 at 3 ¶ 8.

"District courts have wide latitude in determining" the amount of reasonable attorney's fees. *Common Cause Georgia v. Georgia*, 17 F.4th 102, 108 (11th Cir. 2021). Therefore, having considered the record and relevant pleadings, the Court will grant counsel's instant motion for reconsideration. Doc. 43. Next, the Court will vacate its February 12, 2024, Order to the extent it denied as moot Plaintiff's First Motion for Attorney's Fees, which was indeed a separate request. *See* Doc. 42. Finally, the Court will sustain Plaintiff's objection (Doc. 39), and adopt the July 28, 2023, R&R (Doc. 38) in all respects except as to the EAJA fee reduction. As a result, Plaintiff will be awarded the $25,834.00 he requested in his First Unopposed Motion for Fees (Doc. 37) and his fee will not be reduced by the amount he received under the EAJA.

Therefore, after a *de novo* review, the R&R (Doc. 38) is adopted in all respects, except as to the EAJA fee reduction. The Court will award Plaintiff's counsel the full amount of his fee request ($25,834.00), as he had already reduced his fee request by the amount received under the EAJA in his motion. Doc. 37 at 3 ¶ 8.

Accordingly, it is **ORDERED**:

1. Plaintiff's "Motion for Reconsideration/Rehearing Regarding this Court's Order of February 12, 2024" (Doc. 43) is **GRANTED**.

2. The Court hereby **VACATES-IN-PART** its February 12, 2024, Order (Doc. 42) to the extent that it denied Plaintiff's First Unopposed Motion for Award of Attorney's Fees (Doc. 37) as moot and terminated the relevant Report and Recommendation (Doc. 38).

3. Further, the Court now **ADOPTS**, **CONFIRMS**, **and APPROVES** the Magistrate Judge's Report and Recommendation (Doc. 38) in all respects, except as to the EAJA fee reduction, as discussed in this order.

4. Plaintiff's Attorney's Unopposed Motion for Award of Attorney's Fees under 42 U.S.C. § 406(b) (Doc. 37) is **GRANTED**. Plaintiff's counsel is awarded $25,834.00 in attorney's fees under 42 U.S.C. § 406(b).

**DONE** and **ORDERED** in Tampa, Florida on May 2, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties